WILLIAMS, J.
hThe defendant, Damione Brock, was charged by bill of information with the following: one count of possession of cocaine, in an amount greater than 28 grams but less than 200 grams (LSA-R.S. *1004 40:967(F)(l)(a)); three counts of resisting a police officer with force or violence (LSA-R.S. 14:108.2); one count of attempted disarming of a police officer (LSA-R.S. 14:34.6 and 14:27); and two counts of battery of a police officer (LSA-R.S. 14:34.2). Following the denial of his motion to suppress, the defendant pled guilty as charged under State v. Crosby, 338 So.2d 584 (La.1976). He was adjudicated a second-felony offender and sentenced to 60 years at hard labor without the benefit of probation or suspension of sentence for the possession of cocaine conviction. For the three convictions for resisting a police officer with force, defendant was sentenced to three years for each count, with the sentences to run consecutively to each other and to his 60-year sentence. He was also fined $2,000 for each count. With respect to his conviction for attempting to disarm a police officer, the defendant was sentenced to two and one-half years at hard labor, to run consecutively to his other sentences. For the two convictions of battery of a police officer, the defendant was sentenced to five years and fined $500 for each count, to run consecutively with every other sentence imposed. The defendant appeals, alleging that the district court erred in denying his motion to suppress. For the following reasons, we affirm the denial of the motion.
FACTS
On July 18, 2009, at approximately 10:23 p.m., Caddo Parish Sheriffs Deputies Matt Purgerson and Earlton Parker were on patrol in north Caddo Parish when they stopped defendant for speeding and failure to|2dim his headlights for oncoming traffic. While the deputies were checking defendant’s license and registration, the dispatcher advised them of an active warrant for defendant from Shreveport City Court for driving under suspension and no liability insurance. After being informed that he was being arrested based on the warrant, defendant attempted to flee from the officers, who wrestled him to the ground. After a struggle, defendant was subdued and placed under arrest. During a search, cocaine was found on defendant’s person. Defendant was charged with the following: one count of possession of cocaine in an amount greater than 28 grams, but less than 200 grams; three counts of resisting a police officer with force or violence; one count of attempted disarming of a police officer; and two counts of battery of a police officer. In August 2010, defendant filed a motion to suppress alleging that the seized evidence should be excluded on the grounds that his arrest was unlawful.
At the hearing on the motion to suppress, the state presented the testimony of Corporal Matt Purgerson of the Caddo Parish Sheriffs Office. Corporal Purger-son testified that on July 18, 2009, he and Deputy Parker conducted the traffic stop of defendant’s vehicle. Cpl. Purgerson stated that while they were checking defendant’s driver’s license and registration, the dispatcher informed the deputies over the radio that the license was valid, but there was an active warrant for defendant through the Shreveport Police Department for driving under a suspended license and lack of insurance. After receiving the information, Corporal Purgerson informed the defendant that he was being arrested on the outstanding warrant in Shreveport and defendant denied that he had an active warrant. Cpl. Purgerson testified that |sas defendant was being handcuffed, he tried to run and the deputies grabbed him and all three men fell into a ditch along the road. After a struggle, the deputies subdued defendant and placed him under arrest. During a search incident to the arrest, cocaine was found in defendant’s possession.
*1005 On cross-examination, Corporal Purger-son testified that defendant’s possession of a valid license did not necessarily mean that the warrant was not active. He explained that it is not uncommon for a person to have a suspended license reinstated, but fail to pay fines or DMV costs, thereby causing a warrant to issue. Corporal Purgerson testified that no further inquiry is conducted when a dispatcher tells an officer that a person has an outstanding warrant; the officer arrests the person. Upon viewing the document presented by the state as the warrant used for defendant’s arrest, Cpl. Purgerson acknowledged that the warrant was 10 years old, was not signed by a judge or magistrate and included a notation instructing the arresting agency to validate the warrant with the Shreveport City Court computer warrant file. Cpl. Purgerson stated that it was the policy of the sheriffs department that when someone had an outstanding arrest warrant, he is required to arrest the person.
The state also called Deputy Earlton John Parker as a witness. Deputy Parker corroborated Cpl. Purgerson’s testimony that they were informed by radio dispatch that there was an active warrant for defendant’s arrest from Shreveport. Deputy Parker explained that after he and Corporal Purgerson learned of the active warrant, they told defendant that he was under arrest due to the arrest warrant and he then tried to escape. Deputy Parker testified that in the struggle that followed, the defendant tried to grab |4his gun from the holster. Deputy Parker testified, like Corporal Purgerson, that when an officer is told that an outstanding warrant exists, no other inquiry is necessary and the person is arrested.
After hearing the evidence, the district court issued oral reasons for judgment. The court noted that there was no evidence presented that the warrant used as the basis of defendant’s arrest was not valid and that both deputies had testified that it was standard procedure to arrest a person if they were informed by dispatch that there was a warrant for the person’s arrest. The court found that there was no deliberate recklessness or disregard for the truth on the part of the officers. Concluding that the exclusionary rule did not apply because the officers had acted reasonably, the district court denied the motion to suppress.
Subsequently, the defendant pled guilty as charged under Crosby, reserving his right to appeal the denial of his motion to suppress. After an habitual offender hearing, the trial court adjudicated defendant as a second-felony offender based upon a prior conviction for illegal discharge of a firearm. Prior to imposing sentence, the district court reviewed a presentence investigation report and noted defendant’s substantial criminal history. For the conviction of possession of cocaine in an amount greater than 28 grams, but less than 200 grams, which was subject to enhancement under LSA-R.S. 15:529.1(A)(l)(a), the court sentenced defendant to serve 60 years at hard labor without the benefit of probation or suspension of sentence. For the three convictions for resisting a police officer with force, defendant was sentenced to three years and fined $2,000 for each count. For his conviction of attempting to disarm a police officer, the defendant |5was sentenced to two and one-half years at hard labor. For the two convictions of battery of a police officer, the defendant was sentenced to five years and fined $500 for each count. The sentences were ordered to run consecutively to each other and to his 60-year sentence. The defendant appeals the denial of his motion to suppress.
*1006 DISCUSSION
The defendant contends the district court erred in denying his motion to suppress the seized evidence. Defendant argues that his arrest was unlawful because there were no reasonable grounds for the deputies to believe that an active warrant actually existed given their knowledge that defendant possessed a valid driver’s license.
The Fourth Amendment to the United States Constitution and Article I, § 5 of the 1974 Louisiana Constitution protect individuals against unreasonable searches and seizures. A search and seizure conducted without a warrant issued on probable cause is per se unreasonable unless the warrantless search and seizure can be justified by one of the narrowly drawn exceptions to the warrant requirement. State v. Thompson, 02-0338 (La.4/9/03), 842 So.2d 330. When the constitutionality of a warrantless search or seizure is placed at issue by a motion to suppress the evidence, the state bears the burden of proving the admissibility of any evidence seized without a warrant. LSA-C.Cr.P. art. 703(D); State v. Stephens, 40,-343 (La,App.2d Cir.12/14/05), 917 So.2d 667.
If evidence was derived from an unreasonable search or seizure, the proper remedy is exclusion of the evidence from trial. State v. Benjamin, 97-3065 (La.12/1/98), 722 So.2d 988, citing Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914). This exclusionary rule is designed to safeguard Fourth Amendment rights generally through its deterrent effect. Herring v. United States, 555 U.S. 135, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009). However, the fact that a search or arrest was unreasonable does not necessarily mean that the exclusionary rule applies. The exclusionary rule is not an individual right and applies only where it results in appreciable deterrence. In addition, the benefits of deterrence must outweigh the substantial social cost of letting guilty and possibly dangerous defendants go free. Herring, supra.
The United States Supreme Court has created a good faith exception to the exclusionary rule. In United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the court held that evidence seized in a search pursuant to a warrant, which was invalid for lack of probable cause, need not be excluded at trial if the officers who conducted the search reasonably believed that the warrant was valid. United States v. Leon, supra; State v. Long, 2003-2592 (La.9/9/04), 884 So.2d 1176. The court explained that the exclusionary rule “is designed to deter police misconduct rather than to punish the errors of judges and magistrates.” Leon, 468 U.S. at 916, 104 S.Ct. at 3417.
In 2009, the United States Supreme Court applied Leon’s good faith exception to allow admission of evidence obtained after an arrest made pursuant to a previously recalled warrant. In the Herring case, officers in Coffee County arrested Herring based on an outstanding warrant listed in a neighboring county’s database. A search incident to that arrest yielded methamphetamine and a pistol. It was then determined that the arrest 17warrant had been recalled five months earlier, but that information had not been entered into the database. Herring sought exclusion of the evidence. The court stated that the exclusionary rule serves to deter deliberate, reckless or grossly negligent conduct and found that the conduct of the officers was not so objectively culpable as to require exclusion. The court found that any marginal benefit resulting from the suppression of evidence obtained by officers acting in objectively reasonable reliance on a subsequently recalled warrant did not *1007 justify the substantial cost of exclusion. Herring, supra.
In the present case, the trial court noted that the evidence presented did not establish that the warrant was not valid. Assuming that the warrant involved in this matter was invalid, the situation in this case is analogous to that of the Herring case. Here, the arresting officers relied on information provided by the sheriffs office dispatcher that there was an outstanding warrant for defendant’s arrest from Shreveport. Contrary to defendant’s contention that his possession of a license in good standing meant that the warrant could not be valid, Deputy Pur-gerson testified that the warrant could have been issued for various reasons, such as the failure to pay fines or other costs. In addition, under LSA-C.Cr.P. art. 211.5, the decision to issue a summons rather than make an arrest based on an active warrant for a traffic offense is within the officer’s discretion.
Based on the evidence presented, there was no showing that the arresting officers acted with reckless disregard of the constitutional requirements or were grossly negligent. Thus, the record supports the district court’s finding that even if the warrant was not valid at the time, the [ 8deputies acted in an objectively reasonable manner in relying on the information of an active warrant to arrest the defendant. Consequently, as held in Herring, supra, the exclusionary rule is not applicable under such circumstances. Therefore, we cannot say the district court erred in denying the motion to suppress the evidence seized in the search incident to that arrest. The assignment of error lacks merit.
We have examined the record for error patent and found none.
CONCLUSION
For the foregoing reasons, the district court’s denial of the motion to suppress is affirmed. The defendant’s convictions and sentences are affirmed.
DENIAL OF MOTION TO SUPPRESS AFFIRMED; CONVICTIONS AND SENTENCES AFFIRMED.
MOORE, J., concurs on the sole assignment of error raised in this court.